IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK FUKUDA,<br><br>Plaintiff,<br><br>vs.<br><br>MINISTRY OF FOREIGN AFFAIRS OF JAPAN; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENT ENTITIES 1-10,<br><br>Defendants. | ) | CIVIL NO. 15-00290 SOM/KJM<br><br>ORDER DENYING AS UNNECESSARY MOTION TO AMEND COMPLAINT; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

**ORDER DENYING AS UNNECESSARY MOTION TO AMEND COMPLAINT; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION.**

Plaintiff Mark Fukuda, proceeding pro se, is suing the Ministry of Foreign Affairs of Japan, which he previously named as the Japan Ministry of Foreign Affairs, claiming that it stonewalled and refused to serve a complaint he had filed in a State of Hawaii court. The Hague Convention governed the service of process, and Fukuda says he sought to comply with those procedures.

The Ministry has moved to dismiss the claims. See ECF No. 40. While the motion to dismiss was pending before this court, Fukuda filed a Motion to Amend the Original Complaint, in part to correct Defendant's name. See ECF No. 44.

The motion to amend was filed within 21 days after service of the motion to dismiss under Rule 12(b) of the Federal

Rules of Civil Procedure, Fukuda thus had a right to amend his Complaint without leave of court. See Fed. R. Civ. P. 15(a)(1)(B). Accordingly, the court orders that the Proposed First Amended Complaint, ECF No. 44-2, be deemed the operative complaint in this case. The court directs the Clerk of Court to file the Proposed First Amended Complaint as Fukuda's Amended Complaint. Fukuda's motion to amend is denied as unnecessary, given his obtaining of the very action that motion sought.

The court treats the motion to dismiss as applying to the Amended Complaint. Any reference in the present order to the Amended Complaint is a reference to the Proposed First Amended Complaint, as if the Proposed First Amended Complaint has already been filed as the Amended Complaint.

The Ministry seeks dismissal on the ground that, under the Foreign Sovereign Immunities Act, this court lacks subject matter jurisdiction with respect to this case, as well as personal jurisdiction over Japan. The court agrees that it lacks subject matter jurisdiction and dismisses this action without a hearing pursuant to Local Rule 7.2(d).

**III. STANDARD.**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." Safe Air for Everyone v. Meyer, 373

F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Before this court is a facial attack.

In deciding a Rule 12(b)(1) motion, a court must assume the facts alleged in the complaint to be true and must construe the allegations in the light most favorable to the nonmoving party. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). However, courts "do not accept legal conclusions in the complaint as true, even if 'cast in the form of factual allegations.'" Lacano Invs., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2014) (quoting Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).

**II. BACKGROUND.**

Fukuda's Amended Complaint alleges that the Ministry of Foreign Affairs of Japan was responsible for serving Fukuda's state-court complaint. See Amended Complaint ¶ 2, ECF No. 44-2, PageID # 605.

The court takes judicial notice that the Ministry of Foreign Affairs of Japan is part of the executive branch of the Japanese Government and is responsible for Japan's foreign policy. See http://www.studycountry.com/guide/JP-government.htm

(last visited January 9, 2017); see also ECF No. 40-6, PageID # 473.

According to Fukuda, the Ministry of Foreign Affairs of Japan, which is located in Japan, "used excuse after excuse" to delay and prevent service of Fukuda's state-court complaint on the state-court defendants who live in Japan. Id. ¶ 6, ECF No. 44-2, PageID # 606. Fukuda claims that the Ministry committed fraud (Count I) and an unidentified "Tort" (Court II), was negligent (Count III), and negligently inflicted emotional distress (Count IV).

**III. ANALYSIS.**

"The Foreign Sovereign Immunities Act [codified at 28 U.S.C. §§ 1602 to 1611] provides the exclusive source of subject matter jurisdiction over suits involving foreign states and their instrumentalities."[1] EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322 F.3d 635, 639 (9th Cir. 2003); Gates v. Victor Fine Foods, 54 F.3d 1457, 1459 (9th Cir. 1995). Foreign states are normally immune from suit in federal and state courts in the United States, subject to certain exceptions. Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 488 (1983). In fact, under the Foreign Sovereign Immunities Act, there is a presumption of

---

[1] "[T]he existence of sovereign immunity [under the Foreign Sovereign Immunities Act] deprives the court of both subject matter and personal jurisdiction . . . ." Sec. Pac. Nat. Bank v. Derderian, 872 F.2d 281, 284 (9th Cir. 1989); see Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 485 n.5 (1983).

immunity. Sec. Pac. Nat. Bank v. Derderian, 872 F.2d 281, 285 (9th Cir. 1989). However, when one of the exceptions in the Act applies, a foreign state is liable "in the same manner and to the same extent as a private individual under like circumstances," but is not liable for punitive damages. 28 U.S.C. § 1606.

There is no dispute that the Ministry of Foreign Affairs of Japan qualifies as a foreign state or an instrumentality of a foreign state for purposes of the Foreign Sovereign Immunities Act. The Act defines a "foreign state" as including "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). The Act defines an "agency or instrumentality of a foreign state" as including

> any entity--(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b). Because the Ministry of Foreign Affairs of Japan is a cabinet-level ministry in the executive branch of Japan's government responsible for foreign policy, the Act governs whether this court has subject matter jurisdiction over Fukuda's claims.

The Foreign Sovereign Immunities Act lists circumstances under which foreign states are subject to this court's subject matter jurisdiction. Fukuda points only to 28 U.S.C. § 1605(a)(5) as the source of jurisdiction. That provision confers subject matter jurisdiction in this court over a foreign state with respect to an action for money damages "for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment." 28 U.S.C. § 1605(a)(5). However, with respect to those claims, the Foreign Sovereign Immunities Act excludes from this court's jurisdiction:

> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>
> (B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

28 U.S.C. § 1605(a)(5).

For purposes of this order, this court need not determine whether Fukuda has suffered "personal injury or death, or damage to or loss of property," as required by § 1605(a)(5). Even assuming he has, the Ministry of Foreign Affairs of Japan correctly argues that this court lacks subject matter

jurisdiction because any injury Fukuda may have suffered resulted from acts it allegedly committed in Japan. The Ninth Circuit has stated that § 1605(a)(5) "applies to non-commercial torts and requires not only that personal injury or property damages occur in the United States, but that the tortious act or omission occur here." Derderian, 872 F.2d at 285 n.8. This limitation is consistent with Congress' primary purpose in enacting § 1605(a)(5), which "was to eliminate a foreign state's immunity for traffic accidents and other torts committed in the United States, for which liability is imposed under domestic tort law." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439–40 (1989). As the legislative history of § 1605(a)(5) indicates, "the tortious act or omission must occur within the jurisdiction of the United States, and must not come within one of the exceptions enumerated in the second paragraph of the subsection." H.R. Rep. 94-1487, 21 (1976).

In Olsen by Sheldon v. Gov't of Mexico, 729 F.2d 641, 646 (9th Cir. 1984), abrogated on other grounds as stated in Joseph v. Office of Consulate Gen. of Nigeria, 830 F.2d 1018, 1026 (9th Cir. 1987), the Ninth Circuit clarified that, so long as "plaintiffs allege at least one entire tort occurring in the United States, they may claim under section 1605(a)(5)."

Fukuda alleges no claim based on conduct occurring in the United States. While Fukuda appears to be contending with

respect to each claim that he was injured in the United States, his own allegations indicate that the allegedly wrongful conduct by the Ministry occurred in Japan. For each of the torts Fukuda asserts, he claims damage in the United States based on the Ministry's alleged conduct in Japan. Paragraph 2 of the Amended Complaint, for example, alleges that the Ministry, which has an address in Japan, was the designated authority for service of Japanese citizens under The Hague Convention. Paragraph 6 of the Amended Complaint alleges that the Ministry used "excuse after excuse" to delay and prevent the service of Fukuda's state-court complaint. No act by the Ministry is alleged to have been committed in the United States.

At most, the Ministry placed documents in the mail in Japan that were sent to Hawaii. See Complaint ¶¶ 5-9. Receipt of mail in Hawaii is insufficient to support a determination that an entire tort occurred in Hawaii. The Ministry's alleged excuses and delay occurred in Japan.

The Amended Complaint adds an allegation that the "tort occurred in Hawaii at Plaintiff's address when he opened the mail." Amended Complaint ¶ 13, ECF No. 44-2, PageID # 607. For purposes of this motion, the court need not accept that legal conclusion as true. See Lacano Invs., 765 F.3d at 1071. But even if the alleged damage occurred in Hawaii, Fukuda alleges no facts indicating that the Ministry of Foreign Affairs acted

outside the borders of Japan, let alone that any entire tort occurred in Hawaii. Accordingly, under controlling appellate law, this court lacks jurisdiction over the Ministry under 28 U.S.C. § 1605(a)(5).

Because Fukuda does not show the applicability of any other exception to the immunity recognized in the Foreign Sovereign Immunities Act, this court grants the motion to dismiss for lack of subject matter jurisdiction. This ruling makes it unnecessary for this court to address any other argument raised in the motion to dismiss.

**IV. CONCLUSION.**

This order disposes of two motions. First, as noted earlier in this order, Fukuda's motion seeking leave to file the Amended Complaint is denied as unnecessary. This court accepts the Amended Complaint, which Fukuda could have filed without leave of court, as the operative pleading. Second, treating the Ministry of Foreign Affairs of Japan's Motion to Dismiss as directed to the Amended Complaint, this court grants that motion. That is, lacking subject matter jurisdiction over the claims asserted in Fukuda's Amended Complaint against the Ministry of Foreign Affairs of Japan, the court dismisses the Amended Complaint.

Because Fukuda identifies no act by the Ministry of Foreign Affairs of Japan that occurred in the United States, the

court declines to grant Fukuda leave to file a Second Amended Complaint, as any amendment would be futile. This court makes no ruling as to whether Fukuda may seek relief for the claims asserted in the Amended Complaint in court in Japan.

This court rules here that this entire action is dismissed. The Clerk of Court is directed to file the Amended Complaint and then to file this order, enter judgment in favor of the Ministry of Foreign Affairs of Japan, and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2017.




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Fukuda v. Ministry of Foreign Affairs of Japan, Civ. No. 15-00290 SOM/KJM; ORDER DENYING AS UNNECESSARY MOTION TO AMEND COMPLAINT; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS